MITCHELL, A MINOR, ETC., PLAINTIFF-APPELLEE, *v.* BREWER, A MINOR, DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Mahoning County.

No. 4236. Decided October 6, 1962.

Mr. *Daniel L. Rossi*, for plaintiff-appellee.

Mr. *William E. Pfau* and Mr. *William E. Pfau, Jr.*, for defendant-appellant.

*Per Curiam.* While there are several errors assigned in this case it appears that the only serious question involved is whether or not the actions or omissions of the operator of the motor vehicle constituted willful or wanton misconduct as that phrase is used in Section 4515.02, Revised Code. The standard definition of willful and wanton misconduct is found in the case of *Helleren, Admx.,* v. *Dixon,* 152 Ohio St., 40, which definition reads as follows:—

"* * * wanton misconduct is such conduct as manifests a disposition to perversity, and it must be under such surrounding circumstances and existing conditions that the party doing the act or failing to act must be conscious, from his knowledge of such surrounding circumstances and existing conditions, that his conduct will in all common probability result in injury."

That definition has been somewhat enlarged by the court in the case of *Billings, Admx.,* v. *Carroll,* 171 Ohio St., 167, but this definition has stood the test of time and remains the law right down to the present moment.

A careful search of the record in this case reveals evidence which considered most favorably to the plaintiff does not permit in our judgment reasonable minds to differ. We are of opinion that the trial court on this evidence should have directed a verdict in favor of the defendant and against the plaintiff.

We find no evidence of a "conscious knowledge" on the part of the defendant driver that the course of conduct he was pursuing under the circumstances then and there present would in all reasonable probability result in injury to the guest passenger, and for that reason we are unable to affirm and are required to reverse the judgment of the trial court, and we further are required to enter final judgment for the defendant.

74

Judgment reversed and final judgment for the defendant.

BROWN, P. J., DONAHUE and GRIFFITH, JJ., concur.